## D. S. VANPELT

*v.*

## T. W. HUTCHINSON *et al.*

*Filed at Mt. Vernon September 25, 1885.*

1. EVIDENCE—*to impeach a decree for fraud.* A decree having been rendered upon merely constructive notice by publication, on the claim the defendant was a non-resident, and his place of residence not known, it was sought to impeach the decree for fraud, on the allegation that there was not proper diligence used to ascertain the place of residence of the defendant, and by reason thereof he was not notified by a copy of the notice published being sent to his post office address, as might and ought to have been done; but upon a review of the evidence it was not deemed sufficient to impeach the decree upon that ground.

2. SAME—*want of recollection in one witness as against affirmative testimony of another.* The statement of a witness that he does not remember having a certain alleged conversation with another, will not be regarded as a contradiction of the affirmative testimony of the latter that such conversation was had.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Richland county; the Hon. WILLIAM C. JONES, Judge, presiding.

Mr. RUFUS COPE, for the appellant:

The affidavit of non-residence is, that affiant "is informed and believes that Vanpelt is not a resident," etc. Under a former statute an affidavit on information or belief, in attachment cases, was held insufficient. *Dyer* v. *Flint,* 21 Ill. 83; *Booth* v. *Reese,* 26 id. 48.

While a positive averment of non-residence may not be required, it should be such as to justify the court in finding that fact. A may be informed and believe that B is a non-resident, without taking any care to know that his information is reliable. The statute, in distinguishing between a non-resident and a party who on due inquiry can not be found,

makes a demand for the exercise of care.    *Ex parte Haynes,*
18 Wend. 611.

As to the construction of similar statutes, see *Ricketson* v.
*Richardson,* 26 Cal. 149 ; *Forbes* v. *Hyde,* 31 id. 342 ; *Hartung*
v. *Hartung,* 8 Bradw. 157 ; *Adams* v. *Merritt,* 10 id. 275 ; *Macu-
bin* v. *Smith,* 5 Minn. 357 ; *Carleton* v. *Carleton,* 85 N. Y. 313.

Messrs. WILSON & HUTCHINSON, for the appellees :

As to the presumption of due service of notice in favor of
a decree of a court of general jurisdiction, see *Wenner* v.
*Thornton,* 98 Ill. 157 ; *Magill* v. *Brown,* id. 235.

The affidavit in this case was positive as to due diligence
having been used to learn the residence of Vanpelt, and in
such case the party could not be required to state the defend-
ant's non-residence.    The fact that he could not be found on
due inquiry, authorized the publication.

The allegations of the bill which were denied, were not
supported by any evidence or proof.    On the contrary, the
decree finds the fact of non-residence, and due inquiry with-
out success.

Per CURIAM :    In October, 1872, Robinson and wife mort-
gaged two lots in Olney, to Vanpelt, to secure the payment of
three promissory notes of that date, for $346.67, due, respect-
ively, in one, two and three years from date, with interest at
eight per cent per annum.    At the June term, 1876, of the
Circuit Court of the United States, held at Springfield, Van-
pelt, having previously sued out a *scire facias* on the mortgage,
recovered a judgment of foreclosure thereon, and an award of
a special *fieri facias* for a sale thereunder, of the mortgaged
property, but no sale was ever had, nor did any *fieri facias*
ever issue, pursuant to said judgment.    On the 10th of April,
1876, Barlow filed in the office of the clerk of the circuit court
of Richland county, a petition for a mechanic's lien against
the lots, making Robinson and wife, and Vanpelt, defendants

thereto. Decree was rendered by the Richland circuit court, at its November term, 1877, in conformity with the prayer of the petition, establishing the lien and directing that the premises be sold for the payment of the amount due the petitioner. The property was sold by Wilson, master in chancery, by virtue of this decree, and purchased by Hutchinson, who was Barlow's attorney. No redemption having been effected within the time provided by statute, the master in chancery executed a deed to Hutchinson. McDonald became the owner of a tax title upon the property, under sale for delinquent taxes, subsequent to the mortgage. On the 9th of May, 1874, Robinson obtained a sheriff's deed to himself for the undivided one-fourth interest of one William C. M. Roberts in the property, and on the 19th of April, 1883, he executed to Wilson a quitclaim deed for the property. Afterwards it was mutually agreed between Hutchinson, Wilson and McDonald that each should be the owner of one-third of the property, and that they should thereafter own and hold as tenants in common, in accordance with that agreement.

On the 30th of June, 1883, Vanpelt filed in the office of the clerk of the circuit court of Richland county, his bill to review the proceeding on the petition for the mechanic's lien, making Robinson, Barlow, Hutchinson and Wilson, and the heirs-at-law of the wife of Robinson, who had died intestate since the rendition of the decree sought to be reversed, defendants thereto. The bill alleges that complainant, while said mechanic's lien proceedings were pending, long previous thereto, and ever since, was and has been a resident of the city of Cincinnati, in the State of Ohio; that he had no notice whatever of the said proceedings, and no knowledge thereof, until the month of June, A. D. 1883; that the only manner in which complainant was made a party to said proceeding was by publication of notice in the "Olney Times" to one "D. S. Vanpelt," which notice was based on the affidavit of said T. W. Hutchinson, the attorney for said Barlow, in

the words following: "T. W. Hutchinson, being duly sworn, on oath states that he is solicitor for the complainant in the above named cause; that the respondent, D. S. Vanpelt, who is returned on the summons 'not found,' is, as affiant is informed and believes, not a resident of this State, and upon diligent inquiry he has not been able to learn the residence of said defendant." It is further alleged, that at the time when said affidavit of non-residence was made, the recitals in the mortgage of Robinson to complainant, of record, showed that he was a resident of Cincinnati, and that the fact of such residence was personally well known to Robinson, and that Robinson was well known to Hutchinson. It is charged that Hutchinson had all necessary knowledge to enable him, by reasonable inquiry, to have ascertained the complainant's residence, but that he did not use due diligence in the matter, but proceeded with gross negligence, and indifference to the complainant's rights. The bill charges that the affidavit is insufficient to authorize the publication, "for the further reason that the non-residence of the complainant is stated only on information and belief, and that it does not appear by positive averment that said Hutchinson had employed due diligence" to ascertain complainant's address. These are the errors, and the only errors, alleged, on account of which it is prayed the former decree may be reviewed and reversed.

The answer of Hutchinson alleges that he is, by the bill, for the first time informed of the residence of Vanpelt; that summons was issued in said suit for lien, for said Vanpelt, to the sheriff of Richland county, and it was returned by him not found; that upon diligent inquiry the place of residence of said Vanpelt could not be ascertained, and therefore notice to him was given by publication, such affidavit having been filed, as was required by law, in the office of the clerk of the circuit court in which said suit was pending, showing that on due inquiry said D. S. Vanpelt could not be found, and that upon diligent inquiry his place of residence could not be

ascertained; that respondent does not know the residence of complainant, except from the bill, and while the city of Cincinnati is given, in his mortgage, as his place of residence in the year 1872, he does not know whether the facts alleged were known to Robinson, but respondent was informed, and verily believed at that time, that said Vanpelt did not reside in Cincinnati, but had removed to some place in the interior of the State of Ohio, but respondent could not learn where, although he made all due and diligent inquiry, etc.

The statute in force when the decree in the petition for a mechanic's lien was rendered, provides: "When any defendant resides or has gone out of the State, or on due inquiry can not be found, * * * so that process can not be served upon him, the complainant or petitioner may cause notice to be given to him in like manner and upon the same conditions as provided in suits in chancery." (Rev. Stat. 1874, chap. 82, sec. 7.) The 12th section of chapter 22, of the Revised Statutes of 1874, entitled "Chancery," provides: "Whenever any complainant or his attorney shall file in the office of the clerk of the circuit court in which his suit is pending, an affidavit showing that any defendant resides or hath gone out of this State, or on due inquiry can not be found, * * * and stating the place of residence of such defendant, if known, or that upon diligent inquiry his place of residence can not be ascertained, the clerk shall cause publication to be made."

The allegation of the bill that the affidavit of Hutchinson states the non-residency of Vanpelt on information and belief, is not admitted in the answer. But the answer, as has been seen, shows the filing of an affidavit in the office of the clerk of the circuit court, asserting, without qualification, that on due inquiry "D. S. Vanpelt could not be found, and that upon diligent inquiry his place of residence could not be ascertained,"—and this is all that the statute requires that the affidavit shall contain. The record fails to show that any evidence was offered of the contents of the affidavit. The

only reference to it is in the decree enforcing the lien. It recites, "the said D. S. Vanpelt is a non-resident of the State of Illinois, the place of whose residence the complainant, after diligent inquiry, was unable to learn,"—and this, clearly, does not sustain the allegation in the bill. The record should have been proven to be erroneous in the respect complained of. This should have been proven, the fact not having been admitted, by the production of the record itself, or if it was lost or destroyed, then by secondary evidence of its contents.

The fact that Vanpelt was a non-resident is admitted; but counsel for complainant insist that his residence was or might have been known, and he notified by a copy of the notice published, sent to his post office address. They seek to impeach the decree for fraud in failing to give this notice. The burden is, of course, on the complainant. The only proof offered to show that Hutchinson knew of Vanpelt's residence, is the record of the mortgage from Robinson, in which it is recited as being at Cincinnati, Ohio, and the testimony of Robinson that he knew that Vanpelt resided at Cincinnati, and that he had no recollection that Hutchinson asked him where Vanpelt resided. This evidence is rebutted by the testimony of Hutchinson, who testifies that his client, Barlow, did not know where Vanpelt resided; that he, himself, did not know where he resided; that he made all the inquiry that he could, and was unable to obtain such information; that he went to Robinson and asked him, and that Robinson informed him that Vanpelt had resided at Cincinnati, but that he had removed therefrom to some point up in the centre of the State, he did not know where. Hutchinson is positive in his statement,—Robinson does not recollect the conversation. The evidence of the latter, therefore, does not contradict that of the former. Under this evidence we can not hold that the decree is impeached for fraud.

The decree is affirmed.

*Decree affirmed.*